UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| CHARLES BALLARD, JR., | : | |
| | : | |
| Plaintiff, | : | Case No. 3:25-cv-8 |
| | : | |
| v. | : | Judge Thomas M. Rose |
| | : | |
| OHIO ELECTIONS, *et al.*, | : | Magistrate Judge Caroline H. Gentry |
| | : | |
| Defendants, | : | |
| | : | |
| | : | |
| | : | |

---

**ENTRY AND ORDER DISMISSING ACTION FOR LACK OF ARTICLE III STANDING; DENYING AS MOOT PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* (DOC. NO. 1)**

---

This action is before the Court on Plaintiff Charles Ballard, Jr.'s ("Ballard") Response to the Court's Order to Show Cause (the "Response") (Doc. No. 4). Upon review of Ballard's Complaint for a Civil Case (the "Complaint") (Doc. No. 1-2), the Court questioned Ballard's standing to bring this case under Article III of the United States Constitution. (*See* Doc. No. 2 at PageID 18.) The Court accordingly issued an Entry and Order Providing Notice of the Court's Intent to Dismiss and Ordering Plaintiff to Show Cause (the "Show Cause Order") (Doc. No. 2). Ballard timely filed his Response espousing several theories by which he believes he has standing to prosecute the instant matter. (Doc. No. 4 at PageID 26-29.) Nevertheless, for the reasons discussed below, the Court finds Ballard to be without Article III standing and **DISMISSES** Ballard's Complaint.

In short, Ballard's Complaint seeks to challenge the results of the 2024 presidential election in Ohio. (Doc. No. 1-2 at PageID 8.) Relying on 18 U.S.C. § 922(g), Ohio law, and Article II of

1

the United States Constitution Ballard posits that President Trump's recent felony convictions preclude him from holding his current office because, under the statutes cited, felons are not permitted to own firearms and, therefore, cannot lawfully command the military as Commander-in-Chief.  (*Id.*)

Ballard's Response seeks to establish an injury-in-fact and redressability for purposes of Article III standing—the Court's two primary points of concern set forth in its Show Cause Order.  In his capacity as an Ohio voter, Ballard contends that he has been injured by President Trump's electoral victory in Ohio by way of the Fourteenth Amendment's Equal Protection Clause. (Doc. No. 4 at PageID 26.)  In particular, Ballard theorizes that, under the Equal Protection Clause, "the civilian population needs to be protected from all armed felons," without exception.  (*Id.*)  Regarding redressability, Ballard submits that the Court should decertify the votes cast by Ohio's presidential electors, or, barring that, invoke the Twenty-Fifth Amendment of the United States Constitution to forcibly remove the current President from office.  (*Id.* at PageID 28-29.)

The Court returns to its familiar standing analysis.  Standing is a doctrine of limitation "rooted in the traditional understanding of a case or controversy."  *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).  The doctrine defines a court's jurisdictional authority to hear a case and the "category of litigants empowered to maintain a lawsuit ...."  *Id.* (citing *Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 473 (1982); *Warth v. Seldin*, 422 U.S. 490, 498-99 (1975)).  It is well settled that to establish standing a party invoking a federal court's jurisdiction must satisfy three elements.  *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992).  Such a party must show that he "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a

favorable judicial decision." *Spokeo*, 578 U.S. at 338 (citing *Lujan*, 504 U.S. at 560-61; *Friends of the Earth, Inc. v. Laidlow Env't. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000)).

Pertinent here, the Supreme Court has defined an injury in fact as an injury that is both "concrete and particularized," and "actual or imminent." *Lujan*, 504 U.S. at 560 (internal citations and quotation marks omitted). "For an injury to be particularized, it must affect the plaintiff in a personal and individual way." *Spokeo*, 578 U.S. at 339 (internal citations and quotation marks omitted); *Valley Forge*, 454 U.S. at 472 ("... Art. III requires the party who invokes the court's authority to show that he *personally* has suffered some actual or threatened injury . . ." (emphasis added)) (internal citations and quotation marks omitted). More simply, an alleged injury "must actually exist" to be considered concrete. *Spokeo*, 578 U.S. at 340. The most easily identifiable concrete harms will involve "physical or monetary injury to the plaintiff." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 425 (2021).

At bar, it is unlikely, but not definitive, that Ballard can make out an injury-in-fact sufficient to demonstrate Article III standing. Ballard's assertion regarding the public's common interest in being protected from armed felons casts a wide net by its very nature. Typically, such a "generalized grievance" will not give rise to an injury-in-fact where "the harm at issue is not only widely shared, but is also of an abstract and indefinite nature…." *Fed. Election Comm'n v. Akins*, 524 U.S. 11, 23 (1998). However, where a widely shared injury is not so abstract, it may still be possible to establish an injury-in-fact. *Id.* at 24. Here, the Court remains skeptical that Ballard's purported injury is not simply an abstract generalized grievance. However, with a charitable reading of the Complaint, there is surely a scenario in which Ballard's claims could be more artfully pled to state a concrete commonly shared interest under the Equal Protection Clause.

Therefore, the Court will assume without deciding—albeit apprehensively—that Ballard can satisfy the injury-in-fact requirement of Article III standing.

The Court is convinced, however, that Ballard's Complaint absolutely fails to meet the redressability prong of this analysis. On one hand, Ballard would have the Court essentially decertify the outcome of the 2024 presidential election in Ohio. As the Court previously stated, Ohio's electors were submitted to Congress and their votes cast on January 6, 2025. President Trump was sworn into office on January 20, 2025. For lack of a better phrase, the Court cannot un-ring this bell. Alternatively, Ballard would have the Court invoke the Twenty-Fifth Amendment to forcibly remove the current President from office. Notably, neither the Twenty-Fifth Amendment nor any federal statute gives the Court such a broad power. In other words, the Court simply lacks the authority to offer Ballard the redress he seeks.

In total, because Ballard cannot establish redressability on his claims, Ballard lacks Article III standing under the United States Constitution to pursue this action. Accordingly, the Court hereby **DISMISSES** Ballard's Complaint for a Civil Case (Doc. No. 1-2) and **DENIES AS MOOT** Ballard's Application to Proceed *in forma pauperis* (Doc. No. 1). The Clerk is directed to **TERMINATE** this matter on the Court's docket.

**DONE** and **ORDERED** in Dayton, Ohio, this Friday, March 7, 2025.

                                                      s/Thomas M. Rose
                                                  _____
                                                     THOMAS M. ROSE
                                            UNITED STATES DISTRICT JUDGE